PONDER, Justice.
 

 This is an appeal from a judgment annulling a marriage.
 

 The plaintiff, Cyril P. Sunseri, who married the defendant, Verna Cassagne, on May 13, 1935 instituted this suit seeking to annul the marriage on the ground that the defendant is a person of color, having a traceable amount of negro blood. We previously entertained an appeal in this case and remanded it to the lower court for the taking of certain evidence, 191 La. 209, 185 So. 1.
 

 There were three certain certificates that appeared to be correct which i.f permitted to stand would be decisive of the issues involved in this case. The defendant insisted that the recitals of these certificates were not correct and not in accordance with the true facts. It was urged that since the prior appeal was taken the defendant had discovered evidence which would establish the incorrectness of the records from which the certificates were taken. The defendant asked that the case be remanded in order that she might have an opportunity of showing the incorrectness of the records and have the parties referred to therein designated as white instead of colored so as to conform to the true facts. We were of the opinion that the defendant should be given this opportunity since her marriage should not be annulled on such grounds unless the evidence adduced leaves no room for doubt that such is the case.
 

 The certificates were issued by the Recorder of Births, Marriages and Deaths of the Parish of Orleans reciting that Verna Cassagne, the defendant, was born colored ' and that her aunts, Camille Cusachs and Margo Marie Cusachs, and their respective husbands were married as members of the colored race. There is no necessity for us' to again give a detailed description of these certificates since we fully described them in our opinion in remanding the case, see 191 La. 209, 185 So. 1.
 

 The birth certificate showing the defendant was registered as colored was signed by Mrs. S. L. Cassagne, mother of the defendant. Mrs. Cassagne testified that she did not sign the certificate'. The lower court in its opinion stated that it did not place much credence in her testimony. The validity of the certificate was attacked on the ground that the jurat was not signed by the officer issuing it but merely signed by a rubber stamp. We are not so much concerned with the manner in which the jurat was signed as we are with the question as to whether or not the certificate reflects the true state of facts, i. e., whether or not the defendant is of the colored race.
 

 The certified copy of the marriage certificate issued to defendant’s aunt, Camille Cusachs, and Albert John Davidson and the certified copy of the marriage
 
 *24
 
 certificate issued to the defendant’s aunt, Margo' Marie Cusachs, and Victor Allard Cousin.show the parties are of the colored race. These are merely certified copies and not the original certificates issued to the parties. These copies of the marriage certificates hear a notation thereon' indicating that the parties are of the colored race. The original certificates issued to the parties show them to be of the Caucasian race. The testimony shows that these parties were married in a white church and were considered by the pastor as white. The copies herein were made by an officer in charge of the Recorder’s Office. The certificates issued to the parties when they were returned to the Recorder’s Office were marked “colored” by an officer in that office and were recorded to that effect. Counsel for the defendant contends that the officer had no right to make these notations without giving the persons affected thereby a hearing before they were made. The testimony of an officer in charge of the records was to the effect that he tried to keep the records so as to reflect the color of all parties who obtained certificates from that office. The officer did not have the right to change or alter the certificates even though the information upon which 'he relied was correct. There was evidence offered showing that on previous occasions the court had corrected records in that office with respect to the race and color of parties.
 

 The plaintiff produced witnesses to, testify that the defendant was of the -• colored race’ and . contended that even though the notations were not warranted by law yet they reflected the true facts. The plaintiff contended that the sole question involved was whether or not the defendant was of the colored race. Counsel for the defendant strenuously objected to this testimony contending that the sole question involved under the decision of this Court, in remanding the case, was whether or not the alterations were void and to be considered as not written. In our opinion, in,, remanding thé case, it is to be seen the defendant insisted that the recitals of the certificates were not correct, not in accordance with the facts, and that she should have an opportunity of showing such and that the parties referred to should be given this opportunity. Consequently, the question presented would be whether or not the parties should be designated as white or colored. To construe our opinion otherwise would be equivalent to denying the plaintiff the same opportunity of showing how the parties should be designated in the certificates. The lower pourt was correct in admitting the testimony.
 

 Dr. R. B. Paine, a physician seventy-three years of age, a graduate of the Medical School of Tulane University in 1888, who has been practicing in St. Tammany Parish since 1894, testified that he ■ has practiced in and around Lacombe, Louisiana, since 1894. He testified that he was the .family physician of J. J. Cusachs and Camille Cousin Cusachs,. the . grandfather and grandmother of the. de- . fendant; that he attended Camille Cousin ■ Cusa.chs at several of her confinements;
 
 *26
 
 that Camille Cousin Cusachs and all of her children were of the negro race and so regarded in the community; that he was the same ' Dr. Paine who made the affidavit on the death certificate of Drauzin Ducre wherein Drauzin Ducre was designated as being colored; that Drauzin Ducre considered himself as colored; and that Edgar Ducre was considered to be the son of Drauzin Ducre by everyone.
 

 Mr. T. M. Vaughn, a white man, testified that he knew Drauzin Ducre was a negro; that Drauzin Ducre’s children were black; that all the Ducres and Cousins were considered colored; that none of them ever attended the white school at Lacombe; and that C. Harry Culbertson was considered colored in the community.
 

 Edgar Ducre, a negro, identified by Dr. Paine as the son of Drauzin Ducre, who had previously testified in this case, testified that his father, Drauzin Ducre, was a negro; that' C. H. Culbertson was of' the colored race; and that Margo Cusachs, Camille and Stella Cusachs, defendant’s mother, were of the colored or negro' race. Culbertson is the son of Claire Alice Cousin and his deceased wife was' Grace B. Cousin, sister of Camille Cousin, defendant’s grandmother.
 

 It appears from the evidence that Stella Cusachs Cassagne, defendant’s mother, gave birth to a second child. The birth of this child was not registered in the Parish of Orleans or in the Parish of St. Tammany. A week before this child' was born the mother left the Parish of Orleans and went to her sister’s -home in Lacombe, at which place the child was born. The mother was attended by a negro midwife at the birth of the child. It appears ...at this evidence was presented only after the lower court had stated that the failure to account for the absence of the birth certificate of the second child would be considered as an admission that its production would be against the interest of the defendant. The lower court, in its written reasons for judgment, was of the opinion that the mother of the defendant left Orleans Parish to give birth in Lacombe for the purpose of concealing the birth from the authorities- of Orleans Parish and St. Tammany Parish, in order to prevent the child being registered as colored.
 

 The plaintiff and defendant were married in St. Bernard Parish and it is recited in the marriage certificate that the defendant is a native of Quebec, Canada. As a matter of fact, the defendant and plaintiff are both residents of the City of New Orleans.
 

 It appears from the evidence that previous to the marriage of the defendant the authorities in New Orleans refused to issue a marriage license to her uncle on the ground that he was colored and that this uncle married in St. Bernard Parish.'
 

 There is testimony in the record to the effect- that the defendant and her mother have always been considered as being of the white race by their acquaintances in the City of New Orleans. Relatives by blood and by marriage testified, in behalf
 
 *28
 
 of the defendant, that she and her mother are of the white race.
 

 After a careful consideration of all the evidence in this case, we arrived at the conclusion the judgment of the lower court is correct and should be affirmed. It is with regret that we have to arrive at this conclusion, but the evidence in this case leaves us no alternative.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.