56 So.2d 249 (1952)
STATE ex rel. TREADAWAY
v.
LOUISIANA STATE BOARD OF HEALTH.
No. 19723.
Court of Appeal of Louisiana, Orleans.
January 21, 1952.
George Piazza, New Orleans, for relator and appellee.
George Sladovich, Jr., Charles L. Stiffel, New Orleans, for respondent and appellant.
JANVIER, Judge.
We granted a rehearing because of the extremely grave issue which is involved and because of the result which may be visited upon several persons, a number of whom are not parties to this litigation.
We were particularly impressed with the language which the Supreme Court had used in two cases involving somewhat similar questions.
In Villa v. Lacoste, 213 La. 654, 35 So.2d 419, 421, the Supreme Court, in discussing the effect of a certificate issued by the State Board of Health, said clearly that such certificates constitute only prima facie proof of the correctness of the statements contained therein and held that such evidence as was introduced had been "ample to overcome the prima facie case" made by the certificates themselves.
We wondered whether we had accorded too great an effect to the certificate under attack here.
In Sunseri v. Cassagne, 191 La. 209, 185 So. 1, 5, the Supreme Court, in another somewhat similar matter, held that a person who has been commonly accepted as being of the Caucasian race should not be held to be of the colored race "unless all the evidence adduced leaves no room for doubt that such is the case."
The Supreme Court remanded the matter in order that further evidence might *250 be adduced and finally held that there was no doubt, and maintained the correctness of the certificates which were there involved and which showed the defendant to be colored.
We wondered whether the evidence here left no room for doubt.
Thoroughly aware of the transcendent importance of our conclusion to those involved and to others affected though not parties, we diligently endeavored to convince ourselves that there might be room for doubt.
We interpret the language used in the Sunseri case and quoted above as indicating that the proof in such case should be even more convincing than that which is necessary in such cases as must be proved "beyond a reasonable doubt." We feel that the language used by the Supreme Court means that there must be no doubt at all.
However, as the Supreme Court found itself compelled to do when the Sunseri case was presented to it finally, Sunseri v. Cassagne, 195 La. 19, 196 So. 7, 9, we must hold that the evidence here leaves no room for doubt and that the certificate under attack should not be changed.
We therefore repeat what the Supreme Court said in that case: "It is with regret that we have to arrive at this conclusion".
It is therefore ordered, adjudged and decreed that our original decree be and it is reinstated and made final.
Original decree reinstated.