JANVIER, Judge.
The relatrix, Estelle Rodi, wife of Théo-phile Soulet, seeks .the issuance of a writ of mandamus directed to the City of New Orleans, the Chairman of the Board of Health for the City of' New Orleans, and the Director of the Bureau of Vital Statistics of the City .of New Orleans, commanding and ordering them “to delete any alterations or changes made on the death certificate of Steve Rodi * * * which were made after the filing of the said certificate in the records of the Bureau of ''Vital Statistics, * * * more specifically the said certificate shall be made to read in that portion marked No. 4 that Steve Rodi is a person of the white race rather than negro, *■ *
The City of New Orleans, the Chairman of the Board of. Health of the City of New Orleans, and the Director of Vital Statistics appeared and filed exceptions of no right of action and no cause of action. The exception of no- cause of action was maintained and the petition of relatrix was dismissed at her cost. However, the relatrix was, by the judgment, given permission “to* file a supplemental and amended petition alleging that decedent was a member of the White or Caucasian race, * * From this judgment relatrix has appealed.
The exception of no cause of action is. directed at the fact that the relatrix failed" to allege that in making the change on its-records of the death of relatrix’s father,. Steve Rodi, the Bureau had been in error-in showing him to be a negro, and on-the-further fact that the relatrix failed to allege that the Bureau, in making the change complained of, acted without probable cause and without sufficient evidence.
In argument before us counsel for rela-trix stated that he had intentionally failed to have relatrix allege that the said Steve Rodi was not a negro because it was his purpose to have it judicially established that the Bureau of Vital Statistics has no right to' make" any change even to correct any such record unless ordered to do so by a court of competent jurisdiction and unless all interested parties are notified to appear and show cause why the change should not. be made.
In other words, counsel for relatrix states; that the question here is not whether the-said Steve Rodi was a negro, but is solely whether, after an original entry has been, made, any change may be made in that, original entry until notice has been given to all interested parties and until the change-has been ordered by a court of competent jurisdiction.
We have no doubt at all that the-Bureau of Vital Statistics is authorized to. make any such change whenever there is. presented to it “sufficient documentary or sworn evidence acceptable as a basis of the-alteration.” This authority appears clearly in LSA-R.S. 40:266.
Counsel argues that even if the-Bureau is furnished such evidence it cannot- *857 act until all interested parties have been notified and have been afforded an opportunity to be heard. We find no such requirement in the Revised Statutes. It must be assumed that when the Bureau makes such a change it acts upon proper evidence. Therefore, in the absence of an allegation that the record as changed is incorrect, the action of the Bureau should not be interfered with.
Counsel for appellant states that in the Civil District Court he was asked by the Judge whether, if given an opportunity to amend the petition, he would have the rela-trix amend and allege that her father, the decedent, was a person of the white race, and counsel stated that he had said to the District Judge that he would refuse to make such an amendment. When the matter was argued before us counsel was again asked whether he desired that the matter be remanded in order that the relatrix might be afforded an opportunity to allege that her deceased father was a person of the white race, and again counsel stated that relatrix would refuse to make such an allegation. It is true that counsel stated that this refusal was based on his determination to obtain a judicial ruling to the effect that the Bureau has no right to make any such change, regardless of whether the change accomplishes the correct result, unless and until all interested parties have been notified and there has been a judgment of a competent court authorizing and requiring the change.
Courts are not established for the purpose of affording an opportunity to those who' are quixotically inclined to champion rights which are not at issue and the activities of the courts must be limited to the deciding of issues which are actually-presented.
If the father of .relatrix was a person of the white race and relatrix had so alleged, the courts would have been open to her. to establish that fact if the necessary evidence could be produced. The failure of relatrix to make such an allegation deprives her of a right to question the change éven if, as a matter of fact, the change was made after the original entry on the records was made.
• The Contention of counsel that such a change cannot be made except as a result of a judicial determination results from a failure to note the change which has been made in the applicable statute since the decision of the Supreme Court in Sunseri v. Cassagne, 195 La. 19, 196 So. 7, 8. There the Supreme Court said:
* The 0ff¡cer nof; have the -right to change or alter the certificates even-though the information upon. which he relied was correct. * * *”
When that case was decided the statutory provision which was applicable was to be found in section 18 of Act No. 257 of 1918. In that section appears the following:
, * no certificate of birth or death, after its acceptance for registration by the Local Registrar, and no other record made in pursuance of this Act, shall be altered or changed in any respect otherwise than by judgment of court of competent jurisdiction. * * *”
It was no doubt as a result of what the Supreme Court said in that case that the statute was amended so as to give the Bureau the right to make such alteration upon “sufficient documentary and/or sworn, evidence.” This amendment first appears in section 1 of Act No. 181.of 1942.
Our conclusion is that no cause of action, is shown by .relatrix since she has failed to .allege that the record as it now. stands is incorrect.
The judgment appealed from is affirmed at the cost of relatrix.
Affirmed.