JONES, Judge.
Sharon Renee Culbert, substituted plaintiff, appeals from a judgment rejecting her demands to be recognized as the legitimated child of Edward L. Culbert, now deceased, and as such his sole heir. Plaintiff seeks to declare null the “Judgment of Possession” rendered in the succession of her alleged father which recognized his mother, Augusta Culbert, as her father’s sole heir and owner of his property.
In finding plaintiff failed to prove acknowledgment by her father and therefore her legitimacy under C.C.Art. 198, the trial court relied upon two judicial proceedings in which plaintiff’s mother failed to take advantage of an opportunity to assert the paternity and legitimacy of her child. We-reverse.
Plaintiff was born August 18, 1958 to Pearline Culbert. Prior to her daughter’s birth, Pearline had been married once and then to John Bratton. During their marriage one daughter, Alvertha Bratton, was born. In 1957, Pearline and Bratton were divorced. Plaintiff was born more than one year after their divorce and therefore could not be presumed to be the child of that marriage.
After her divorce, Pearline became intimately acquainted with Edward L. Culbert, also a divorced. Pearline and Edward had sexual intercourse on numerous occasions and Pearline testified she had intercourse with no other man during the period when *1081 plaintiff was conceived. At the time of plaintiff’s conception and birth, neither Pearline nor Edward suffered any legal impediment which would prohibit their marriage. On September 4, 1961, three years after plaintiff’s birth, Pearline and Edward were married. Plaintiff and her half-sister, Alvertha, lived with their mother and Edward from this time until their mother and Edward separated in 1969.
At the time of plaintiff’s birth, her mother reported the daughter’s name on her birth certificate as “Sharon Bratton” because this was the surname being used by the mother at the time of Sharon’s birth. The mother continued to use the surname of her former husband following her divorce from him.
On June 4, 1963, the Louisiana State Board of Health, Division of Public Health Statistics (also known as Bureau of Vital Statistics) issued a new birth certificate which reflected plaintiff’s name as “Sharon Renee Culbert”, her mother as “Pearlean (sic) Coleman” and her father as “Edward L. Culbert”. The certificate was signed by Edward L. Culbert on May 29, 1963. At trial, Pearline testified that prior to obtaining the new certificate, Edward and Pear-line met with an attorney and signed affidavits acknowledging plaintiff as Edward’s daughter which were sent to the Bureau to obtain the new certificate.
In October, 1967, decedent, Edward, applied for social security disability benefits and listed Sharon Renee Culbert and Alver-tha Bratton as -dependent children for whom he could claim benefits. This application was signed by Edward.
On March 4, 1970, Edward was granted an uncontested separation from Pearline by default judgment. The petition alleged “no children were born of the marriage”. In July, 1970, Pearline filed criminal neglect proceedings against Edward in Juvenile Court alleging his nonsupport of Sharon Culbert and Alvertha Bratton. These proceedings were subsequently dismissed and the minutes of the Juvenile Court record reflect “Plaintiff (i. e., Pearline) admits that the children are not children of defendant (i. e., Edward)” (explanation added). At trial of plaintiff’s suit, Pearline admitted making such a statement to the Juvenile Judge but denied it was true. She said she only made the statement because of a feeling of futility when she was opposed in the proceedings by Edward, his girl friend and his mother.
Edward died September 19, 1970, and his mother, Augusta Culbert, opened his succession alleging “no children were born of her son’s marriage to Pearline” and that she was Edward’s sole heir. A judgment of possession in this proceeding recognized Augusta as owner of Edward’s estate.
In August, 1974, Augusta died leaving a will which left her estate to the acknowledged illegitimate children of Edward, Henry Brown and Eddie Lee Jelks. Decedent appointed Eddie Lee Jelks as executor of her estate.
On September 23,1975, this suit was filed against the Succession of Augusta Culbert, her legatees and the executor.
The issue on appeal is whether Sharon Lee Culbert is the legitimated child of Edward L. Culbert under the provisions of Civil Code Art. 198. Defendant contends Edward never acknowledged plaintiff either formally or informally. Civil Code Art. 198 provides:
“Children born out of marriage, except those who are born from an incestuous connection, are legitimated by the subsequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them for their children, either before or after the marriage.”
Plaintiff, although illegitimate at the time of birth, was capable of being legitimated by the subsequent marriage of her parents because she was not born of an incestuous connection.
Defendants do not contest the marriage of Pearline and Edward. Thus this required element of legitimation under Art. 198 is met leaving for decision whether Edward formally or informally acknowledged plaintiff as his daughter.
*1082 The trial court gave the following reasons for rejecting plaintiff’s demands:
“As stated earlier, Pearline Culbert acknowledged during this trial that she made such an admission to Judge Taylor. We consider this evidence to be disposi-tive of the issues in this case. While there is evidence which certainly tends to support plaintiff’s claims, including an amended birth certificate as well as an application for Social Security benefits, we believe it may be properly contended that these documents do not convincingly demonstrate a clear acknowledgment of paternity of Sharon Culbert by Edward Culbert following his marriage to Pear-line Culbert. For example, counsel for defendant points out that we do not have the benefit of the circumstances surrounding the application for the amended birth certificate which brought about a change in Sharon’s name from Bratton to Culbert. By the same token, the application for Social Security benefits listed Alvertha as well as Sharon and it is noted that both of these children were living with Pearline and Edward at the time of the application and that the form calls for the names of these children, including natural children, adopted children and step-children who may be eligible for benefits under Social Security regulations. The lay testimony was of no great help as it was contradictory.
“Pearline Culbert had two earlier opportunities to appear in a Court of law and to assert her claim that Edward was Sharon’s father and that she had been duly acknowledged by him following their marriage, there being no legal impediment existing at the time Sharon was conceived. It might be argued that in the separation proceeding Edward alleged “that no children were born of this marriage” and that this was a true statement because the child was conceived pri- or to the marriage. However, the subsequent appearance by Pearline in the Juvenile Court proceeding in which she informed Judge Taylor that Edward Cul-bert was not the father is clear and convincing to this court. . . ”
LSA-R.S. 40:45[1] provides the birth certificate of a child who has been legitimated by her parents’ subsequent marriage can be changed and reissued to reflect the legitimation upon presentation to the state registrar of a statement by the husband acknowledging paternity and a certified copy of the parents’ marriage certificate.
A certified copy of plaintiff’s legitimated certificate was introduced into evidence. The trial judge gave as one of his reasons for rejecting plaintiff’s claim the failure of plaintiff to offer the document of acknowledgment supporting this legitimated certificate. The fact that the Bureau of Vital Statistics issued the altered certificate creates a presumption it had received the acknowledgment which was necessary to justify issuance of the certificate. State v. City of New Orleans, 78 So.2d 855 (La.App., Orl.1955). This factor along with testimony of plaintiff’s mother concerning execution of the acknowledgment may be sufficient to establish plaintiff’s acknowledgment by her father. Plaintiff, however, is not relegated to reliance on this presumption and testimony of her mother to establish her acknowledgment because the certificate signed by her father reflects Edward L. Culbert as father of plaintiff. The signed certificate from in and of itself constitutes an acknowledgment of paternity because reflected on the face of this certificate is the showing that Edward L. Culbert is the father of the child. Adjacent to his signature is the following language:
“I certify that the above stated information is true and correct to the best of my knowledge.”
*1083 This acknowledgment subsequent to the marriage of plaintiff’s mother and father legitimates plaintiff within the provisions of C.C.Art. 198.
Plaintiff continuously lived with Pearline and Edward for eight years during which time she was acknowledged by Edward among family and friends to be his daughter. At least from May, 1963 to the present, plaintiff used Edward’s surname “Culbert”. In the disability application prepared and signed by Edward, he named Sharon Renee Culbert as one of his children. This evidence further establishes the intention of Edward to acknowledge and legitimate his daughter when he signed the legitimated birth certificate on May 29, 1963.
Art. 199 of the Civil Code provides:
“Children legitimated by a subsequent marriage have the same rights as if they were born during marriage.”
In Tate v. Penne, 7 Mart. (N.S.) 548, (1829) the well-established principle was recognized that “a child born during the marriage cannot have its condition affected by the declaration of one or both of spouses.”
In Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952), a mother who filed a birth certificate for her baby showing her husband to be the father of her child, testified another man was in fact the father. The court rejected her testimony, followed the rationale of Tate and held she could not bastardize her child by testifying to facts indicating the biological father was one other than her husband.
When plaintiff was legitimated on May 29, 1963, she became entitled to rights of a child born of the marriage and no subsequent declarations by her parents could have the effect of retracting her legitimation.
The trial court erred in relying on Edward’s judicial declarations in the separation and nonsupport proceedings denying Sharon’s paternity and on Pearline’s statement made to the Juvenile Judge. These statements could not deprive plaintiff of her legitimated status acquired more than six years earlier.
We reverse and render judgment in favor of plaintiff, Sharon Renee Culbert, recognizing her as the legitimated child of Edward Lee Culbert. We annul the judgment of possession rendered in Succession of Edward L. Culbert, No. 201,026, Caddo Parish, Louisiana, in which Augusta Culbert was recognized as heir and owner of Edward L. Culbert’s estate. We recognize Sharon Renee Culbert as sole heir of Edward L. Cul-bert. She is recognized as owner and sent into possession of the following described property:
Lot 14 of the Brimmer & Moore Subdivision, City of Shreveport, Caddo Parish, Louisiana, as per plat of said subdivision recorded in Book 41, page 339 of the Conveyance Records of Caddo Parish, Louisiana, together with all buildings and improvements thereon and known as municipal number 2755 Milam Street.
Costs below and on appeal are assessed against defendants-appellees.

. § 45. Legitimation
“If any child is legitimated by subsequent marriage of its parents, the state registrar, upon receipt of a certified copy of the marriage certificate of the parents and a statement of the husband acknowledging paternity, shall prepare a new certificate of birth in the new name of the legitimated child.
“The original birth certificate and the evidence upon which the new certificate was made shall be sealed and filed and may be opened only upon the order of a court of record.”